BOWLING, Justice,
for the Court.
This appeal challenges two judgments of the Circuit Court of Greene County. Ap-pellee, Bank of Lucedale, was plaintiff below. Appellant was defendant and had filed a counterclaim against appellee. The lower court dismissed appellant’s counterclaim and directed a verdict for appellee on its original suit. Appellant contends that these judgments were erroneous. We agree and reverse and remand the cause.
Appellee Bank filed its suit alleging that appellant owed it the balance of a promissory note in the original sum of $750 executed on June 16, 1973. The declaration alleged that appellee had paid a total of $200 on the note, leaving a balance of $550, together with interest and attorney’s fees.
Appellant filed an answer and counterclaim. He admitted the execution of the promissory note but denied that he was indebted for the balance as alleged in the declaration. In his counterclaim appellant alleged that he had an agreement with one of the Bank’s officers regarding payment of the note. Subsequent to that agreement the counterclaim alleged that appellant was engaged in conducting a business transaction which would have led to a profitable venture when one of the Bank’s officials approached appellant in the presence of his business associate and “did rudely interrupt said discussion and did intentionally, willfully, deliberately, unreasonably, cruelly, arbitrarily, discriminatory oppressive and abusively discussed counter claimant’s financial stability in the presence of his business associates.” The counterclaim further alleged that this action was in violation of the Bank’s duty to appellant; that the statements of the officer at the time constituted privileged information between the Bank and appellant. The counterclaim alleged that because of this action on the part of the Bank he failed in the business venture being discussed and that he was therefore entitled to actual and punitive damages.
The case was tried on September 19, 1975, with the trial resulting in a verdict for both parties; the sum of $850 in favor of the Bank on the promissory note, and the sum of $2,000 on the counterclaim. Both parties filed a motion for a new trial and both motions were granted.
*1058 The cause came on again for trial on November 17, 1975. On that date appellee filed a motion to dismiss the counterclaim of appellant, primarily on the ground that it “sounds in tort and should be the subject of an independent suit.” On the same day the court sustained appellee’s motion to dismiss. Also on the same date, appellant filed an amended counterclaim further alleging that the Bank was guilty of wilful and malicious fraud in instigating proceedings on the note subsequent to the alleged agreement of the Bank to renew it. This amended counterclaim was dismissed and the case proceeded to trial on the original suit by the Bank. In dismissing the amended counterclaim, the lower court gave as the reason therefor that it “dealt with tort” and “your tort can be filed in a separate suit.” At the conclusion of the evidence the court directed a verdict for the Bank which resulted in a judgment against appellant in the sum of $886.98.
In his motion for a new trial appellant contended that the lower court erroneously directed a verdict for appellee and erroneously sustained appellee’s motion to dismiss the counterclaim. It is only necessary that we consider the counterclaim statute to conclude that the lower court clearly was in error.
Mississippi Code Annotated section 11 — 7— 69 (1972) provides as follows:
(1) In all suits at law where the defendant has a claim or demand against the plaintiff arising out of or connected with the situation, occasion, transaction or contract or subject matter upon which the plaintiff’s action is based, whether the claim or demand of the defendant is liquidated or unliquidated, the defendant in his answer may plead his claim or demand against the plaintiff by way of counterclaim, in recoupment, stating the facts upon which such counterclaim is based.
As hereinbefore set out, the original suit filed by appellee was based on a promissory note and the collection thereof. The original counterclaim and the amended counterclaim clearly set out allegations that were “connected with the situation, occasion, transaction or contract or subject matter upon which the plaintiff’s action was based.” The counterclaim alleged that the Bank official committed the wrong in the presence of appellant’s business associate while discussing the collection and payment of the note and appellant’s credit relationship with the Bank. It cannot be said that these allegations were not “connected with the situation” giving rise to the original suit.
Appellant filed a statutory supersedeas bond after setting out in his motion for a new trial that the court erroneously directed a verdict for appellee. The court, after the first trial, concluded that appellant was entitled to a new trial on the original suit for collection of the note, obviously so that the entire matter would again be brought before the court. We are of the opinion that the same situation prevails here. The entire case, including the judgment on the original suit and the dismissal of appellant’s counterclaim, should be reversed and remanded to the lower court for a new trial on all issues in the cause.
It should be noted here that on this appeal the Court is not concerned with the merits of the counterclaim. Its dismissal is being reversed as the allegations of the instrument clearly bring it within the purview of the counterclaim statute, supra, and it should not have been dismissed as a “claim sounding in tort.” Therefore, we reverse and remand the entire cause, including the judgment for appellee and the order dismissing appellant’s counterclaim.
REVERSED AND REMANDED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.